**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | |
| Wagstaff Minnesota, Inc., | Case No. 11-43073 |
| Debtor. | Chapter 11 Case |
| Wagstaff Properties Minnesota, LLC, | Case No. 11-43076 |
| Debtor. | Chapter 11 Case |
| Wagstaff Management Corporation, | |
| Debtor. | Case No. 11-43081 |
| | Chapter 11 Case |
| Wagstaff Properties, LLC, | Case No. 11-43074 |
| Debtor. | Chapter 11 Case |
| D & D Food Management, Inc., | Case No. 11-43084 |
| Debtor. | Chapter 11 Case |
| D & D Idaho Food, Inc., | Case No. 11-43083 |
| Debtor. | Chapter 11 Case |
| D & D Property Investments, LLC, | Case No. 11-43075 |
| Debtor. | Chapter 11 Case |
| Wagstaff Texas, Inc., | Case No. 11-43080 |
| Debtor. | Chapter 11 Case |
| Wagstaff Properties Texas, LLC, | Case No. 11-43077 |
| Debtor. | Chapter 11 Case |
| Wagstaff Atte Alaska, Inc., | Case No. 11-43082 |
| Debtor. | Chapter 11 Case |
| Wagstaff Atte Alaska, LLC, | Case No. 11-43078 |
| Debtor. | Chapter 11 Case |
| A D Bakes, Inc., | Case No. 11-43079 |
| Debtor. | Chapter 11 Case |

**ORDER GRANTING EXPEDITED RELIEF AND AUTHORIZING DEBTORS**
**TO PAY THE PREPETITION 503(B)(9) CLAIMS OF CERTAIN CRITICAL VENDORS**

These cases are before the court on the debtors' Joint Motion for Expedited Hearing and for an Order Authorizing Debtors to Pay the Prepetition Claims of Certain Critical Vendors.

Based on the motion and the file,

**IT IS ORDERED:**

1. The motion is granted.

2. The debtors are authorized, but not required, to pay all prepetition critical vendor claims that would qualify for administrative expense status under section 503(b)(9) of the Bankruptcy Code, in an amount that shall not exceed the sum of $800,000 in the aggregate without further order of the court, that debtors believe in their reasonable business judgment are valid, in the ordinary course of business and consistent with historical practice, including any and all amounts relating to the 20 day period prior to the petition date.

3. This order shall be without prejudice to the debtors' right to contest the validity or amount of any critical vendor claims (including 503(b)(9) claims).

4. Any critical vendor who accepts payment from the debtors in satisfaction of its valid critical vendor claim shall be deemed to have acknowledged and agreed that any and all claims of whatever type, kind, or priority, against the debtors, their property and their estates with respect to such critical vendor claim are satisfied in full, said acknowledgement and

agreement being expressly conditioned upon the absence of any challenge or objection to the critical vendor claim.

5. Nothing contained in the motion or this order shall be deemed (a) an assumption or rejection of any executory contract between the debtors and any critical vendor pursuant to section 365 of the Bankruptcy Code, (b) a requirement that the debtors make any of the payments authorized herein, or (c) a waiver of the debtors' rights under the Bankruptcy Code or any applicable non-bankruptcy law.

6. The debtors' banks and financial institutions are authorized and directed to receive, honor, process, and pay, to the extent of funds on deposit, any and all checks or electronic transfers drawn on the debtors' bank accounts relating to the critical vendor claims, including those checks or electronic transfers that have not cleared the banks as of the petition date.

7. The debtors are authorized to replace any prepetition checks or electronic transfers relating to the critical vendor claims that may be dishonored or rejected.

8. The debtors' banks may rely on the representations of the debtors as to which checks or electronic transfers are in payment of the critical vendor claims.

9. The debtors are authorized to take such actions as are necessary to implement and effectuate the terms of this order.

10. Fed. R. Bankr. P 6003(b) has been satisfied.

11. Notwithstanding Fed. R. Bankr. P. 6004(h), this order is effective immediately.

Dated: May 5, 2011

/e/ Robert J. Kressel
ROBERT J. KRESSEL
UNITED STATES BANKRUPTCY JUDGE